OPINION
{¶ 1} On May 28, 2004, the Delaware County Grand Jury indicted appellant, Timothy Ratcliff, on two counts of burglary in violation of R.C. 2911.12, one count of theft in violation of R.C. 2913.02, one count of criminal mischief in violation of R.C. 2909.07 and one count of possessing criminal tools in violation of R.C. 2923.24.
 {¶ 2} On October 29, 2004, appellant pled guilty to one count of burglary, and the remaining charges were dismissed. By judgment entry filed January 26, 2005, the trial court sentenced appellant to four years in prison, to be served consecutively to a seventeen month sentence from a prior case out of Franklin County, Ohio.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO CONSECUTIVE SENTENCES."
 I {¶ 5} Appellant claims the trial court erred in ordering consecutive sentences. We disagree.
 {¶ 6} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 {¶ 7} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 8} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 9} "(b) That the sentence is otherwise contrary to law."
 {¶ 10} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 11} R.C. 2929.14(E)(4) governs multiple sentences and states as follows:
 {¶ 12} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 13} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 14} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 15} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 16} R.C. 2929.19(B)(2)(c) states the following:
 {¶ 17} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 18} "(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 19} In State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus, the Supreme Court of Ohio held, "Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."
 {¶ 20} In sentencing appellant to a consecutive sentence, the trial court noted "there's no question the victims in this case have suffered psychological harm." T. at 12. The trial court further noted "you three individuals, were doing a pattern of criminal activity breaking into homes." Id. The trial court and appellant then engaged in the following dialogue:
 {¶ 21} "The Court: * * * Recidivism, not only were you on probation at the time that this offense took place, you also had absconded from Franklin County CBCF; correct?
 {¶ 22} "The Defendant: Yes, Your Honor.
 {¶ 23} "The Court: You obviously have a history of convictions; you are presently serving a prison sentence for two escapes and the conviction for receiving and/or theft; correct?
 {¶ 24} "The Defendant: Yes, Your Honor.
 {¶ 25} "The Court: Consecutively?
 {¶ 26} "The Defendant: I think so, Your Honor.
 {¶ 27} "The Court: You have, as of last October, you have served seventeen months; does this sound right?
 {¶ 28} "The Defendant: No, Your Honor. They gave me 188 days time credit that I spent.
 {¶ 29} "The Court: Okay. It's a sentence of seventeen months?
 {¶ 30} "The Defendant: Yes, Your Honor.
 {¶ 31} "The Court: Recidivism is likely." T. at 13.
 {¶ 32} In sentencing appellant to a consecutive sentence, the trial court stated the following:
 {¶ 33} "It is also the sentence of this Court that said sentence shall be served consecutively to the Franklin County sentence. There's no excuse when you were released from Franklin County on that escape or on this charge then you took off you committed these offenses. Court's specifically finding that consecutive sentences are necessary to protect the public from future crime and the punishment is not disproportionate to the seriousness of your conduct and to the danger that you, Mr. Ratcliff, imposed to society.
 {¶ 34} "Very specifically, the Court finds that the offenses occurred while you were awaiting, actually sentenced to a CBCF, and while you were on escape, had escaped; secondly that the offense is a pattern of conduct with you and your cousins; and no single prison term is sufficient to adequately punish you for your conduct, and thirdly, it's the specific finding that your criminal history demonstrates that consecutive sentences are necessary to protect the public from further crime and future criminal activity." T. at 15-16.
 {¶ 35} Upon review, we find the trial court met the requirements set forth in the statutes and the Comer decision. The trial court did not err in sentencing appellant to a consecutive sentence.
 {¶ 36} The sole assignment of error is denied.
 {¶ 37} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
Farmer, J. Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.